IN THE UNITED STATES DISTRICT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK MICHAEL HAMER,
DONNA LEE HAMER,

       Plaintiffs,                  No. CIV S-08-2269 MCE EFB PS

   vs.

EL DORADO COUNTY, et al.,

       Defendants.              <u>ORDER</u>

_____/

      Presently pending on this court's law and motion calendar for Wednesday, February 25, 2009, are defendants' motions to dismiss, Dckt. Nos. 6, 8, and 12.[1]  Although defendants' reply filed February 11, 2009, Dckt. No. 14, references plaintiffs' opposition and request for extension of time within which to oppose the motions, this court has not received these documents or any filing by plaintiffs in opposition to the pending motions.

      Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be personally served upon the moving party, and filed with this

---

[1] This fee-paid case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E. D. Cal. L. R. ("Local Rule") 72-302(c)(21).

court, no later than fourteen days preceding the noticed hearing date,[2] or, in this case, by February 11, 2009.  Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  To date, plaintiffs have filed neither an opposition or statement of non-opposition to the motion.

Local Rule 83-183, governing persons appearing *in propria persona*, provides that failure to comply with the Federal Rules and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Finally, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing date of February 25, 2009, is continued to March 18, 2009, at 10:00 a.m., in Courtroom No. 25.

2.  Plaintiffs shall show cause, in writing, no later than March 4, 2009, why sanctions should not be imposed for failure timely to file an opposition or a statement of non-opposition to the pending motions.

////
////
////
////

---

[2]  Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date.  Local Rule 78-230(c).

3. Plaintiffs are directed to file opposition, if any, to the motions, or a statement of non-opposition thereto, no later than March 4, 2009. Failure to file an opposition will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

SO ORDERED.

DATED: February 17, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE