IN THE UNITED STATES DISTRICT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK MICHAEL HAMER,
DONNA LEE HAMER,

      Plaintiffs,                  No. CIV S-08-2269 MCE EFB PS

   vs.

EL DORADO COUNTY, et al.,

      Defendants.               ORDER

_____/

      On February 17, 2009, this court directed plaintiffs to show cause why sanctions should not be imposed for failing timely to oppose, or file a statement of non-opposition to, defendants' motions to dismiss. The court also noted that defendants' reply, filed February 11, 2009, referenced plaintiffs' opposition and request for extension of time within which to oppose defendants' motions, but the court had not received these documents or any other responsive filing by plaintiffs.

      The court continued the hearing on defendants' motions (Dckt. Nos. 6, 8, and 12) to March 18, 2009, pending a response from plaintiffs. Plaintiffs timely responded to the order to show cause (Dckt. No. 18), and requested, *inter alia*, emergency injunctive relief, an extension of time to respond to defendants' motions, and permission to e-file their documents in this court

1

(Dckt. No. 16).

For the following reasons, the court discharges the order to show cause, denies plaintiffs' requests for injunctive relief, extension of time, and to e-file their documents, and submits defendants' motions to dismiss for decision on the papers.

I. ORDER TO SHOW CAUSE DISCHARGED

Plaintiffs have timely responded to the court's order to show cause, and demonstrated good cause authorizing continuation of this case without the imposition of sanctions. Accordingly, the order to show cause will be discharged.

II. PLAINTIFFS' REQUEST FOR EXTENSION OF TIME

Plaintiffs seek an extension of 90 days within which to respond to defendants' motions to dismiss on the ground that plaintiff Patrick Hamer had surgery December 4, 2008, and recovery has been complicated. *See also*, Dckt. No. 19 (letter from plaintiff's doctor re: surgery and prolonged recovery); and defendants' Objections thereto, Dckt. No. 20. However, the bulk of plaintiffs' 71-page memorandum addresses the substance of defendants' motions to dismiss, and the document has already been served on defendants, who have replied. See Dckt. No. 14. The court has already accorded plaintiffs an additional opportunity to oppose defendants' motions and finds the present 71-page memoranda sufficient to state the substance of plaintiffs' opposition. Accordingly, plaintiffs' request for an extension of time within which to respond to defendants' motions is denied.

In a related matter, plaintiffs assert in their separately filed declaration that they would like the opportunity to further amend their amended complaint, with the assistance of legal counsel, and reduce the length of the present complaint from 134 pages to approximately 30 to 40 pages. However, the court defers ruling on plaintiffs' motion to amend until after disposition of the pending motion to dismiss.

////

////

III. PLAINTIFFS' REQUEST FOR EMERGENCY INJUNCTIVE RELIEF

Plaintiffs request "emergency injunction and declaratory relief" against all defendants, including the California State Licensing Board, "to cease and desist from continued violations of Cal. Civ. Code § 51.2" (prohibiting business establishments from discriminating in the sale or rental of housing based upon age), based on defendants' alleged abuse of power and retaliation against plaintiffs for attempting to redress their grievances. Plaintiffs challenge the suspension of a business license, and assert defendants have attempted to frame and arrest them. Dckt. No. 16, at pp. 1-3. They seek "emergency injunction to prevent further deprivation of property, business, chattel, inter alia from occurring." *Id.* at 34.

This court has recently summarized the relevant considerations for assessing a request for emergency injunctive relief . As set forth in *Jackson v. Schwartz,* 2007 WL 2069930, 1 (E.D. Cal. 2007):

> A temporary restraining order ("TRO") is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. Fed.R.Civ.P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 [](1974). It is an extraordinary and drastic remedy to be granted as an exception rather than as the rule. *Sid Berk, Inc. v. Uniroyal, Inc.*, 425 F. Supp. 22, 28 (C.D. Cal.1977). The issuance of a TRO is the exercise of a very far reaching power which should never be indulged except where clearly warranted. *Tymo Industries, Inc. v. Tapeprinter Inc.*, 326 F.2d 141, 143 (9th Cir.1964), cited in *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir.1970). Apart from showing the necessity for immediate relief, applicants for a TRO must meet the same standards as for a preliminary injunction. *See, e.g., Hunt v. National Broadcasting Co., Inc.*, 872 F.2d 289, 292 (9th Cir.1989); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983).
>
> The preliminary injunction standard is well established in this circuit. A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.1984); *Gon v. First State Ins. Co.,* 871 F.2d 863 (9th Cir.1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions

regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir.1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists,* 584 F.2d 308, 315 (9th Cir.1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir.1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir.1994). If the relief sought is mandatory, as it is here, rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir.1993).

Plaintiffs do not address these standards for preliminary injunctive relief, either explicitly or implicitly, or explain how the emergency relief they seek relates to this lawsuit. However, plaintiffs appear to make a similar request in their amended complaint, *see, e.g.*, Amended Complaint, Prayer for Relief, p. 117, ¶ 9 ("Plaintiffs pray for an injunction prohibiting the continued and future use of unlawful procedures to protect plaintiffs' constitutional rights from retaliating defendants with power under color"), yet fail to demonstrate they have no adequate remedy at law or that they risk immediate irreparable injury. Most significantly, plaintiffs have not demonstrated probable success on the merits of their amended complaint, which is both factually and legally wide-ranging, e.g., resting on more than sixty statutory provisions. Accordingly, plaintiffs' motion for preliminary injunction will be denied.

IV. <u>PLAINTIFFS' REQUEST TO E-FILE DOCUMENTS</u>

Plaintiffs seek permission, pursuant to E. D. Cal. L. R. ("Local Rule") 5-133(b)(3), to electronically file their documents in this court, rather than in paper format as generally required of pro se litigants. Plaintiffs set forth several arguments in support of this request, including that their home is in a remote area with inclement weather, making personal delivery of documents to the court difficult and time consuming, and that mail services are undependable and, in any case, require additional time. Plaintiffs further assert that they are trained in electronic formatting and publishing.

////

Local Rule 5-133(b)(2) provides: "Any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. See L.R. 5-133(b)(3). All pro se litigants shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Local Rules." The purpose of this rule is to insure that pro se documents are properly filed. *See, e.g., Baker v. IC System, Inc.*, 2008 WL 4186166, 1 (D. Ariz. 2008) (the court "require[s] pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").

The purpose of Local Rule 5-133 is well served in cases such as the present one, which involve voluminous filings (e.g., the amended complaint is 135 pages, and the opposition etc. is 71 pages). Voluminous filings signal to the court the potential for abuse if electronic filing were permitted. *See, e.g., Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4792643, 2 (N.D. Cal. 2008) ("The docket is not a bulletin board for the private use of litigants"). Finally, for present purposes, defendants' motions to dismiss are now fully briefed and remain pending for decision. Accordingly, plaintiffs' request to file documents electronically in this court will be denied.

V. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The order to show cause, Dckt. No. 15, is discharged.

2. Plaintiffs' request for emergency injunctive relief, Dckt. No. 16, is denied.

3. Plaintiffs' request for extension of time to oppose defendants' motions to dismiss, Dckt. No. 16, is denied.

4. Plaintiff' request to e-file their documents in this court, Dckt. No. 16, is denied.

////

////

////

////

////

5. The March 18, 2009 hearing on defendants' motions to dismiss is vacated, and defendants' motions to dismiss, Dckt. Nos. 6, 8, and 12, and opposition thereto, Dckt. No. 16, are submitted for decision on the papers.

IT IS SO ORDERED.

DATED: March 12, 2009.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE