1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK MICHAEL HAMER,
     DONNA LEE HAMER,
11
               Plaintiffs,              No. CIV S-08-2269 MCE EFB PS
12
          vs.
13
     EL DORADO COUNTY, et al.,
14
               Defendants.             ORDER
15
     _____/
16

17          Presently pending before this court is a motion to dismiss filed by the legislative

18   defendants, Dckt. No. 28, presently scheduled for hearing on June 17, 2009.   Also pending, and

19   previously submitted for decision on the papers by order filed March 12, 2009, are the motions

20   to dismiss filed by the El Dorado County defendants, Dckt. No. 6, and (2) defendant Bob

21   Anderson, Dckt. No. 8.

22          Plaintiffs failed to file an opposition or statement of non-opposition to the motion filed by

23   the legislative defendants.  This reflects a pattern.  Plaintiffs, who paid the filing fee to

24   commence this action, also failed to respond to the first two motions – as a result, the court

25   issued an order to show cause filed February 17, 2008, which warned plaintiffs of the

26   requirements and considerations relative to responding to a pending motion to dismiss, and the

                                            1

sanctions that may be imposed should no response be filed.  These considerations include Local Rule 78-230©, which provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Accordingly, the court will vacate the hearing on the third pending motion to dismiss.

The court has reviewed plaintiffs' amended complaint, Dckt. No. 5, and each of the pending motions to dismiss.  The 132-page amended complaint clearly fails to conform to Fed. R. Civ. P. 8(a),[1] which requires that a complaint set forth "a short and plain statement of the claim[s] showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this is a liberal standard, plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim").  "The Supreme Court has stated that 'the Rule mean[s] what it sa[ys].' *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 [] (1993)."  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Ashcroft v. Iqbal*, ___U.S. ___,  129 S.Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly*,

---

[1] Fed. R. Civ. P. 8(a) provides:  "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

550 U.S. 544, 570, 556, 557 (2007)).

Defendants, like the court, have been tasked with attempting to cull the most essential facts and elements of plaintiffs' claims; the result has been further ambiguity.  For example, plaintiffs' first cause of action (plaintiffs assert twelve causes of action), asserted against all defendants, is generally entitled "Violation of 42 U.S.C. 1983," subtitled, "Violation of First Amendment Rights U.S. Constitution and California Constitution Article 1 § 3(a), (b)1, § 7(a), § 28(a)(b)(d) § 30(a)(b)©.  Abridging the freedom of speech, or the press, and to petition the government for a redress of grievances.  Violation of Fourteenth Amendment Rights," and spans thirty-eight pages (pp. 11-49).  This cause of action is so broad, both factually and legally (including, for example, claims under both § 1983 and § 1985 (conspiracy), and a "panoply of abuse of processes under . . . California Civil Code[] § 52.1 and 52.3," as well as prayers for relief), that the court is unable to discern the core of the matter.  Rather, the court's review demonstrates that the amended complaint, which is often rambling and repetitive, obscures rather than clarifies plaintiffs' claims, and therefore fails to present "sufficient allegations to put defendants fairly on notice of the claims against them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Because plaintiffs have failed to comply with Fed. R. Civ. P. 8(a), the amended complaint must be dismissed.  The court will, however, grant plaintiffs leave to file a Second Amended Complaint that conforms to Rule 8.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford *pro se* litigants an opportunity to amend to correct any deficiency in their complaints).  Plaintiffs are encouraged to set forth a short and plain statement of the relevant facts, followed by a brief statement of each legal claim, sequentially setting forth the elements of each claim, and how the facts of this case specifically satisfy those elements, with reference to the challenged conduct of each defendant.  This is not the place to make legal arguments, or other narrative asides, or to provide extensive case citations.  The Second Amended Complaint shall be limited to no more than 25 pages in length, a

1  limitation intended to support, rather than handicap, plaintiffs in the proper amendment of their

2  complaint.

3          The Second Amended Complaint must bear the docket number assigned this case and be

4  labeled "Second Amended Complaint;" it shall identify each defendant in both the caption and

5  the body of the complaint, and clearly set forth the allegations against each defendant.  The

6  Second Amended Complaint must be complete in itself, without reference to prior pleadings,

7  which will no longer serve any function in this case.  *See* Local Rule 15-220; *Loux v. Rhay*, 375

8  F.2d 55, 57 (9th Cir. 1967).  Causes of action that are not alleged in the Second Amended

9  Complaint shall be waived, *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981),

10 and defendants not named in an Second Amended Complaint shall no longer be defendants,

11 *Ferdik v. Bonzelet*, 963 F.2d at 1258, 1262 (9th Cir. 1992).  While pertinent exhibits of original

12 documents (not further writings by plaintiffs) may be attached to the Second Amended

13 Complaint, and referenced therein, plaintiffs shall not file any other, contemporaneous,

14 documents that are intended to be read in conjunction with the Second Amended Complaint;

15 rather, the Second Amended Complaint (with pertinent exhibits, if applicable) shall stand on its

16 own.

17         In addition, for the reasons stated in the court's order filed March 21, 2009, plaintiffs'

18 "objections" to that order, filed April 9, 2009, are construed as a motion for reconsideration and

19 is denied.  This court has already addressed and rejected plaintiffs' requests for extension of time

20 and for emergency injunctive relief.[2]  To the extent plaintiffs' objections address and attempt to

21 moot the pending motions to dismiss by attempting to cure the deficiencies of the complaint,

22 these matters shall be set forth, as pertinent, as allegations in plaintiffs' Second Amended

23 Complaint.

24

25         [2] Although the Clerk of Court cautiously denominated this document a "Motion for
   Temporary Restraining Order," and "Motion for Default Judgment," *see* Dckt. No. 22, the
26 document challenges this court's order filed March 12, 2009, Dckt. No. 21.  To the extent that it
   seeks reconsideration, it fails to establish any basis for granting reconsideration.

Accordingly, for the foregoing reasons, it is hereby ORDERED that:

1. The June 17, 2009, hearing on defendants' motion to dismiss filed May 11, 2009, Dckt. No. 28, is VACATED.

2. Defendants' motions to dismiss plaintiffs' amended complaint, Dckt. No. 6, 8, 28, are GRANTED.

3. Plaintiffs shall, within thirty (30) days of the filing date of this order, file and serve a Second Amended Complaint that does not exceed 25 pages in length and conforms to the pleading requirements set forth herein.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

4. Plaintiffs' objections filed April 9, 2009, Dckt. No. 22, are construed as a motion for reconsideration and is denied.

SO ORDERED.

DATED:  June 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE