IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK MICHAEL HAMER;
DONNA LEE HAMER,

      Plaintiffs,                        Case No. CIV S-08-2269 MCE EFB PS

      vs.

EL DORADO COUNTY, et al.,

                                   ORDER

      Defendants.
_____/

This action was referred to the undersigned pursuant to E.D. Cal. Local Rule ("Local Rule") 72-302(c)(21). Currently scheduled for hearing on September 2, 2009, are defendants Ted Gaines and Steve Davey's motion to dismiss (Dckt. No. 42); defendants County of El Dorado, Vern Pierson, Dick Jones, Worth Dikeman, Ray Nutting, Helen Bauman, Brenda Bailey, Jeff Neves, Fred Kollar, and Dan Johnson's motion to dismiss (Dckt. No. 44); and defendant Bob Anderson's motion to dismiss and motion to join in the other pending motions to dismiss (Dckt. No. 45).

On August 7, 2009, plaintiffs filed an opposition to defendants Ted Gaines and Steve Davey's motion to dismiss (Dckt. No. 48); on August 13, 2009, plaintiffs filed an opposition to, and *motion to strike*, defendants County of El Dorado, Vern Pierson, Dick Jones, Worth Dikeman, Ray Nutting, Helen Bauman, Brenda Bailey, Jeff Neves, Fred Kollar, and Dan

1

1  Johnson's motion to dismiss (Dckt. No. 49); and on August 19, 2009, plaintiffs filed an
2  opposition to, and *motion to strike*, defendant Bob Anderson's motion to dismiss (Dckt. No. 54).
3  Pursuant to Local Rule 78-230(e), "any counter-motion or other motion that a party may desire
4  to make that is related to the general subject matter of the original motion shall be served and
5  filed with the Clerk in the manner and on the date prescribed for the filing of opposition."  In the
6  event such a motion is filed, "the Court may continue the hearing on the original and all related
7  motions so as to give all parties reasonable opportunity to serve and file oppositions and replies
8  to all pending motions." *Id.*

9  In light of plaintiffs' August 13, 2009 and August 19, 2009, motions to strike, the hearing
10 date of September 2, 2009 on the three pending motions to dismiss and the two pending motions
11 to strike is CONTINUED to September 30, 2009, at 10:00 a.m., in Courtroom No. 25.  All
12 remaining outstanding oppositions and replies thereto shall be filed in accordance with the
13 briefing schedule set forth in Local Rule 78-230(c) and (d), based on the new hearing date of
14 September 30, 2009.

15 Further, on August 19, 2009, defendant David Randall filed a document entitled "Answer
16 to Complaint," requesting that he "be dismissed" from this case.  Dckt. 55.  The court construes
17 defendant Randall's filing as a motion to dismiss plaintiffs' complaint and schedules it for
18 hearing, along with the other related motions, on September 30, 2009, at 10:00 a.m., in
19 Courtroom No. 25.
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

2

Plaintiffs' opposition to the motion and defendant Randall's reply thereto, if any, shall be filed within the time prescribed by Local Rule 78-230(c) and (d), based on the hearing date of September 30, 2009.[1]

SO ORDERED.

DATED: August 24, 2009

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court acknowledges that on August 19, 2009, defendant Randall filed a request to appear via telephone if he is required to testify in this matter because he resides "about 1800 miles away from California" and is unable to take the time off of work and does not have the money to travel to California. Dckt. 56. Unfortunately, based on the papers presently before the court, it is unclear whether defendant Randall's motion will be submitted on the papers without oral argument (and therefore whether defendant Randall will be required to attend the September 30, 2009 hearing). However, if defendant Randall is required to attend the September 30, 2009 hearing, he will not be allowed to appear telephonically. If defendant Randall does not wish to be heard at the September 30, 2009 hearing, he may notify the court and the other parties, in a filing due on or before August 31, 2009, that his "Answer" should be construed as a motion to join in one or more of the other defendants' motions to dismiss, rather than as his own motion.