1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK MICHAEL HAMER;
     DONNA LEE HAMER,
11
                    Plaintiffs,              No. CIV 08-2269 MCE EFB PS
12            vs.

13   EL DORADO COUNTY, et al.,
                                             <u>FINDINGS AND RECOMMENDATIONS</u>
14            Defendants.
     _____/
15

16          This action proceeds before the undersigned pursuant to Eastern District of California

17   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Presently before the court are (1) defendants

18   Ted Gaines and Steve Davey's motion to dismiss, Dckt. No. 42; (2) defendants County of El

19   Dorado, Vern Pierson, Dick Jones, Worth Dikeman, Ray Nutting, Helen Bauman, Brenda

20   Bailey, Jeff Neves, Fred Kollar, and Dan Johnson's (the "County defendants") motion to

21   dismiss, Dckt. No. 44; (3) defendant Bob Anderson's motion to dismiss and motion to join in the

22   other pending motions to dismiss, Dckt. No. 45; (4) defendant David Randall's motion to join in

23   the other motions to dismiss, Dckt. Nos. 55, 57, 65; and (5) defendant Edmund G. Brown, Jr.'s

24   motion to dismiss,[1] Dckt. Nos. 58, 59.[2]  Plaintiffs oppose the motions.[3]  Dckt. Nos. 48, 49, 54,

25   _____

26          [1] Defendant Brown's motion to dismiss states: "This motion is being made on behalf of
     Attorney General Brown even though plaintiffs have not effected personal service of the

                                              1

68, 69, 70, 71.  For the reasons stated herein, the undersigned recommends that the motions be granted.

I.      BACKGROUND

On October 20, 2008, plaintiffs filed a first amended complaint in this action.  Dckt. No. 5.  The County defendants, Bob Anderson, Ted Gaines, and Steve Davey moved to dismiss that complaint on various grounds.  Dckt. Nos. 6, 8, 28.  On June 9, 2009, the undersigned granted the motions to dismiss and gave plaintiffs thirty days to "file and serve a Second Amended Complaint that does not exceed 25 pages in length and conforms to the pleading requirements set forth [in that order]."  Dckt. No. 34.  The order noted that plaintiffs' 132-page first amended complaint did not conform to Federal Rule of Civil Procedure ("Rule") 8(a) and provided plaintiffs with detailed requirements for any second amended complaint.  *Id.*

Plaintiffs filed a second amended complaint on July 9, 2009.  Dckt. No. 35.  The claims stated therein stem generally from an alleged dispute between plaintiffs and their former neighbor, defendant Randall, and the other defendants' failure to protect plaintiffs from Randall.  *Id.*  Plaintiffs contend, *inter alia*, that defendants' failure to protect them (or to apprehend Randall for his allegedly criminal activities) was in retaliation for complaining about defendants' conduct.  *Id.*  Plaintiffs assert the following claims for relief:

> (1) RICO, 18 U.S.C. § 1962 (including but not limited to 42 U.S.C. § 1341 (intangible right of honest services); Cal. Penal Code §§ 132, 134 (fraud and deceit, instrument in writing), 182(a)(1)(2)(4)(5)(b) (conspiracy to commit a crime and obstruct justice); 18 U.S.C. §§ 1961-68; 18 U.S.C. § 241 (conspiracy to

summons and SAC on him. Neither have plaintiffs effected personal service on defendant Hon. James Wagoner, but Judge Wagoner has elected not to make an appearance at this time."  Dckt. No. 59 at 2, n.2.

[2]  Because oral argument would not be of material assistance to the court, the motions were taken under submission pursuant to Local Rule 230(g).

[3]  Although several of plaintiff's filings are termed "motions to strike," *see* Dckt. Nos. 49, 54, and 68, those filings really just state plaintiffs' opposition to the various motions to dismiss. Therefore, those "motions" will be denied.

injure or intimidate for the exercising of federal right)

(2) Cal. Civ. Code § 1708 (duty of care); 42 U.S.C. § 1983 conspiracy to deprive rights (including, but not limited to 42 U.S.C. § 1341 (the intangible right of honest services); Cal. Penal Code §§ 132, 133, 134 (false statement, fraud and deceit, instrument in writing); 182(a)(1)(2)(4)(5)(b) (conspiracy to commit a crime and obstruct justice); 18 U.S.C. § 241 (conspiracy to injure or intimidate for the exercising of federal right)

(3) Cal. Civ. Code § 1708 (duty of care); Fourth Amendment (unreasonable search); First Amendment (right to redress grievances); 42 U.S.C. § 1983 conspiracy to deprive rights (including, but not limited to 42 U.S.C. § 1341 (the intangible right of honest services); Cal. Penal Code §§ 132, 133, 136.1, 136.2 (false statement, fraud and deceit, instrument in writing, injunction); 182(a)(1)(2)(4)(5)(b) (conspiracy to commit a crime and obstruct justice); 18 U.S.C. § 241 (conspiracy to injure or intimidate for the exercising of federal right)

(4) Cal. Civ. Code § 1708 (duty of care); conspiracy to deprive rights (including, but not limited to 42 U.S.C. § 1341 (judicial corruption, the intangible right of honest services); Cal. Penal Code §§ 132, 133, 134 (false statement, fraud and deceit, instrument in writing); 182(a)(1)(2)(4)(5)(b) (conspiracy to commit a crime and obstruct justice); 18 U.S.C. § 241 (conspiracy to injure or intimidate for the exercising of federal right)

(5) Fourth Amendment; Fourteenth Amendment (deprivation of property); conspiracy to deprive rights (including, but not limited to 42 U.S.C. § 1341 (the intangible right of honest services); Cal. Penal Code § 132, 133, 134 (false statement, fraud and deceit, instrument in writing); 182(a)(1)(2)(4)(5)(b) (conspiracy to commit a crime and obstruct justice); 18 U.S.C. § 241 (conspiracy to injure or intimidate for the exercising of federal right)

(6) First Amendment; Fourteenth Amendment (redress grievance and due process)

(7) Cal. Civ. Code 1708.7 (stalking)

(8) Intentional infliction of emotional distress

(9) Conversion

(10) Declaratory relief

(11) Preliminary injunction

(12) Duress

As a threshold matter, plaintiffs have again failed to comply with the pleading requirements of Rule 8. They have also failed to comply with the specific instructions in this court's prior order of June 9, 2009. Although their second amended complaint is *technically* 25 pages in length, it is in a very small font, uses decreased margins, and is even more difficult to read than the former complaint. It also continues to be rambling and repetitive, continues to obscure rather than clarify plaintiffs' claims, and continues to make legal arguments in lieu of alleging facts. *See* Dckt. No. 34 at 3. Plaintiffs' first through fifth claims set forth multiple claims within the same "cause of action." It is unclear which facts support which claims, which defendants specific claims are directed against, and which plaintiff seeks redress. Many of the supposed causes of action include references to multiple possible claims but fail to focus on any and the court must guess as to what claim is actually being asserted. Although in some instances a claim can be discerned, in most it is simply not possible to determine what cause of action is pleaded.

Put generally, the second amended complaint does not "set forth a short and plain statement of the relevant facts, followed by a brief statement of each legal claim, sequentially setting forth the elements of each claim, and how the facts of this case specifically satisfy those elements, with reference to the challenged conduct of each defendant." *See* Dckt. No. 34 at 3. Although the second amended complaint will ultimately be dismissed on these grounds, the court first address the arguments set forth in the five pending motions to dismiss as certain purported claims in the complaint cannot possibly be cured by amendment.

II.    LEGAL STANDARDS

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

5

III.    DISCUSSION

A.    Defendants Gaines, Davey, and Brown

Defendants California Assembly Member Ted Gaines and his Chief of Staff Steve Davey move to dismiss plaintiffs' second amended complaint, arguing that (1) plaintiffs' claims against them are barred by the Eleventh Amendment to the United States Constitution; (2) plaintiffs cannot state a claim against them under 42 U.S.C. § 1983 for actions taken in their official capacity based upon the doctrine of legislative immunity and plaintiffs allege no facts to support an action against them in their individual capacities; (3) the second amended complaint fails to state a claim upon which relief can be granted against them; and (4) the second amended complaint does not comply with Rule 8(a)(2) or the requirements contained in the Court's order of June 9, 2009.  Dckt. No. 42 at 2.

Defendant California Attorney General Edmund G. Brown, Jr. also moves to dismiss plaintiffs' second amended complaint arguing, *inter alia*, that plaintiffs' second amended complaint is barred by the Eleventh Amendment, absolute prosecutorial immunity, and qualified immunity; fails to state a claim for conspiracy; and does not comply with Rule 8 or the Court's June 9, 2009 order.  Dckt. No. 58 at 2.

As far as the court can discern, plaintiffs' allegations against Gaines and Davey appear to be based on an alleged "conspiracy" to violate plaintiffs' constitutional rights; Gaines and Davey's alleged refusal to redress plaintiffs' grievances; their alleged refusal to force county officials to arrest or enforce a restraining order against defendant Randall; and Davey's alleged communication with the Dignitary Threat Unit of the California Highway Patrol regarding plaintiffs, which led the CHP to "converge on plaintiffs' residence unlawfully without a warrant or probable cause or exigency."  Dckt. No. 35 at 19.  Plaintiffs' allegations against Brown appear to be based on actions Brown's deputies took, or allegedly failed to take, in response to plaintiffs' request that the California Office of the Attorney General ("OAG") investigate criminal complaints against Randall and the El Dorado County Sheriff's Department actions.

Plaintiffs take issue with OAG advising them to comply with OAG general policy by exhausting local remedies, and contend that, as a result, OAG "set plaintiffs up for possible 'arrest and fines.'!" Dckt. No. 35 at 4.

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its agencies). The Eleventh Amendment also bars an action against a state employee, sued in his or her official capacity, because, with its funds at risk, "the state is the real, substantial party in interest." *Pennhurst,* 465 U.S. at 101. This immunity extends to any damages claim, but does not bar suits for prospective injunctive relief brought against state officers in their official capacities to enjoin an alleged ongoing violation of federal law. *See, e.g., Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1171 (9th Cir. 2002) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

Although plaintiffs claim that their allegations are against Gaines, Davey, and Brown in their individual capacities, none of the allegations contain any reference to actions taken in their individual capacities and it does not appear that plaintiffs could make any such allegations. Instead, plaintiffs argue that the deprivations of law are for defendants' failure "to perform acts which they are legally required to do," Dckt. No. 48 at 2, necessarily implying that these defendants are being sued for failing to do their jobs. Therefore, plaintiffs' damages claims against Gaines, Davey, and Brown are necessarily brought against them in their official capacities and are barred by the Eleventh Amendment. *Pennhurst,* 465 U.S. at 101. Accordingly, they must be dismissed without leave to amend.

Additionally, plaintiffs' claims for injunctive relief against defendants Gaines and Davey request that the court "instruct Ted Gaines and Steve Davey to stop violating plaintiffs['] right to representation, and issue a public apology." Dckt. No. 35 at 24. This claim, as well as all other

claims against defendants Gaines and Davey, are based on acts alleged to have been done (or not done) in the course and scope of Gaines and Davey's work for the California Legislature (as plaintiffs' representative). Therefore, Gaines and Davey are entitled to absolute legislative immunity for those claims. *See Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) ("Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities . . . . Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.' . . . Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."); *Tenny v. Brandove,* 341 U.S. 367, 372 (1951); *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967) ("Once an activity is deemed to be legislative, . . . the cloak of immunity will fully protect not only the government officials themselves, but their aides as well, although it is considered 'less absolute' . . . .").

Further, plaintiffs' request for injunctive relief against Brown seeks a recognition by Brown of the widespread course of illegal conduct taking place and seeks to require Brown to sue El Dorado County and the other defendants for damages. Dckt. No. 35 at 24. As stated above, this request is based on plaintiffs' claim that the OAG improperly failed to investigate criminal complaints against Randall and the El Dorado County Sheriff's Department actions. Plaintiffs state in their opposition to Brown's motion to dismiss that they "only want [Brown] to no longer ratify criminal acts of [El Dorado County]" and that they "will drop this suit [against Brown] if he stops discriminating against plaintiffs and at least investigates and files a law suit." Dckt. No. 71 at 4. Brown, as California Attorney General, is the chief law enforcement officer of the state, with the same powers of a district attorney with the duty to prosecute all violations of the laws over which California Superior Courts have jurisdiction. Cal. Const. art V, § 13. "Prosecutors are absolutely immune from liability under [42 U.S.C.] § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Burns v. Reed*, 500 U.S. 478, 486 (1991). As a state prosecuting attorney, acting within the scope of his duties in the investigation and possible

pursuit of a criminal prosecution, Brown is fully protected by absolute immunity. *Imbler v.*
*Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello*, 413 F.3d at 976 (it is "well established that a
prosecutor has absolute immunity for the decision to prosecute a particular case"); *Roe v. City*
*and County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997) (prosecutor is entitled to
absolute immunity for the decision not to prosecute); *Demery v. Kupperman*, 735 F.2d 1139,
1144 (9th Cir. 1984) (prosecutors are absolutely immune from civil liability for post-litigation as
well as pre-litigation handling of case).

Accordingly, defendants Gaines, Davey, and Brown must be dismissed from this action
without leave to amend. Additionally, any claims against Bauman, Nutting, and/or any other
defendants that are based on conduct that is legislative or prosecutorial in nature should be
dismissed without leave to amend for the reasons set forth above.

B.      Other Defendants/Claims

The County defendants, as well as defendants Anderson and Randall, who join in the
County defendants' motion, move to dismiss plaintiffs' second amended complaint, arguing that
(1) the second amended complaint does not present a clear and concise statement of the claim;
(2) no viable First Amendment claim is alleged related to interference with the right to petition
government for redress of grievances; (3) no viable due process Fourteenth Amendment
violation is alleged based on failing to enforce restraining orders obtained by plaintiffs against
their neighbor; (4) no viable federal defamation claim is alleged; (5) no viable Fourth
Amendment violation is alleged for use of excessive force; (6) no viable Fourth Amendment
violation is alleged for unreasonable seizure; (7) no viable federal conspiracy claim is alleged;
(8) no viable entity liability claim is alleged under 42 U.S.C. § 1983; (9) no viable tort claims of
intentional infliction of emotional distress are alleged; and (10) no viable tort claims of malicious
or negligent prosecution under state law are alleged. Dckt. Nos. 44, 45, 55, 57, 65. Defendants
Anderson and Randall also move to dismiss plaintiffs' claims under 42 U.S.C. § 1983 because
////

they are not state actors.[4]  Dckt. Nos. 45, 55, 57, 65.

1.  First Amendment Claims

Although the County defendants move to dismiss plaintiffs' First Amendment claims against them, from what the court can discern, the second amended complaint only alleges First Amendment claims against defendants Gaines and Davey (claim three) and against defendant Brown (claim 6).[5]  Because those defendants are dismissed with prejudice, plaintiffs' First Amendment claims must also be dismissed without leave to amend.

Additionally, to the extent plaintiffs' First Amendment claims are asserted against the other defendants, they should also be dismissed without leave to amend.  Plaintiffs allege that they were retaliated against for exercising their First Amendment rights and that their right to petition the government was violated by defendants' failure to enforce their restraining orders against Randall, by defendants' failure to obtain a criminal conviction against Randall, and by defendants' failure to keep plaintiffs abreast of all matters and/or to allow them to testify at Randall's criminal case.  Although plaintiffs are dissatisfied with the manner in which defendants handled plaintiffs' disputes with Randall and defendants' failure to convict Randall, and although plaintiffs complained about those things to defendants, the First Amendment does not impose any affirmative obligation on the government to respond to the petitions raised by individual citizens, does not guarantee that citizens' speech will be heard, and does not require that every petition for redress of grievances be successful.  *See Smith v. Ark. State Highway Employees, Local 1315*, 441 U.S. 463, 464-65 (1979) ("The First Amendment right to associate and to advocate 'provides no guarantee that a speech will persuade or that advocacy will be

---

[4]  The court will address each of these arguments in turn.  However, in light of the confusing nature of plaintiffs' second amended complaint, the court does not purport to address all potential claims for relief set forth therein.  The court's failure to specifically address those claims herein does not reflect on the validity or viability of those claims.

[5]  Again, one can only guess.  The complaint is so poorly written that it is impossible to determine which claims are asserted against which parties.

effective.' . . . The public employee surely can associate and speak freely and petition openly, and he is protected by the First Amendment from retaliation for doing so. . . . But the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it."); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("the First Amendment does not guarantee that citizens' speech will be heard").

### 2. Due Process Claims for Failure to Enforce Restraining Orders

Plaintiffs appear to allege, *inter alia*, that defendants violated their due process rights by failing to enforce restraining orders plaintiffs obtained against Randall. Defendants move to dismiss any such claim, alleging that "[t]here is no federally recognized individual entitlement to enforcement of a restraining order in which there is no 'property' interest for purposes of the Due Process Clause, so Plaintiffs cannot prevail in a civil rights action against police and a municipality for an alleged due process violation, arising from failure to enforce it." Dckt. No. 44-2 at 5. Because plaintiffs do not have a property interest in enforcement of their restraining orders, their due process claims based on a failure to enforce those restraining orders should be dismissed without leave to amend. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("We conclude, therefore, that respondent did not, for purposes of the Due Process Clause, have a property interest in police enforcement of the restraining order against her husband.").

### 3. Federal Defamation Claim

Plaintiffs appear to allege that defendants are liable under 42 U.S.C. § 1983 for making allegedly false statements about plaintiffs and for placing plaintiffs in a false light.[6] Defendants move to dismiss any such claims, arguing that they are not cognizable under 42 U.S.C. § 1983.

---

[6] However, plaintiffs state in their opposition to the County defendants' motion that "[t]here is no cause of action for defamation. Plaintiffs are alleging deceitful written instrument." Dckt. No. 49-2 at 18.

11

Indeed, these federal defamation claims are not cognizable and they must be dismissed without leave to amend. *See Paul v. Davis*, 424 U.S. 693, 694 (1976) (finding that "respondent's charge that petitioners' defamation of him, standing alone and apart from any other governmental action with respect to him, [did not state] a claim for relief under 42 U.S.C. § 1983 and the Fourteenth Amendment."); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("[A]s we recognized in *Patton v. County of Kings*, 857 F.2d 1379 (9th Cir. 1988), 'the constricture of *Paul v. Davis*, . . . , that damage to reputation is not actionable under § 1983 unless it is accompanied by "some more tangible interests,"' cannot be avoided by alleging that defamation by a public official occurred in retaliation for the exercise of a First Amendment right. . . . For any defamation and damage flowing from it, Gini has a tort remedy under state law, not under the First Amendment.").

### 4. Fourth Amendment Claim

Plaintiffs allege a Fourth Amendment claim against all defendants (count 5). Dckt. No. 35 at 22. Plaintiffs allege that they were denied "the free movement to contact Grand Jury without threat of arrest," and that defendant Wagoner "intended to arrest plaintiffs for obeying laws and acting as a free citizen, and in that regard Plaintiffs were arrested, and suffered a criminal sentence without benefit of a Jury or fair Trial."[7] *Id.* Plaintiffs' allegations do not establish an unreasonable search or seizure in violation of the Fourth Amendment and do not appear to be able to establish such a violation. Nor could they. Plaintiffs' opposition to the County defendants' motion to dismiss specifically states that plaintiffs were "never charged or even accused of committing any crime" and "were not arrested." Dckt. No. 49-2 at 19-20.

////

---

[7] Plaintiffs also allege in count 3, which was asserted only against defendants Gaines and Davey, that detectives from the CHP dignitary threat unit entered plaintiffs' property without a warrant or exigency, seized plaintiffs by restraining their movement, and raided plaintiffs' house with excessive force. Dckt. No. 35 at 19. However, plaintiffs have not named any of those detectives as defendants herein, and as stated above, defendants Gaines and Davey should be dismissed without leave to amend.

Therefore, plaintiffs' Fourth Amendment claim must be dismissed without leave to amend.

### 5. Conspiracy

Throughout the second amended complaint, plaintiffs allege a vast conspiracy among all of the defendants to violate plaintiffs' constitutional rights, including plaintiffs' First Amendment right to freedom of speech and to redress grievances, without retaliation, and their Fourteenth Amendment rights to equal protection, due process, and the "protected property right of goodwill and honest services."[8] Dckt. No. 35 at 18.

"To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). "[T]he language requiring intent to deprive equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102. Because plaintiffs' second amended complaint does not set forth facts sufficient to support conclusions that defendants engaged in a conspiracy to violate plaintiffs' rights based on their membership in any class, any conspiracy claim under 42 U.S.C. § 1985(3) fails.

Plaintiffs' claim under 18 U.S.C. § 241 is equally deficient. Section 241, which provides a basis for criminal prosecution, does not provide a private right of action and cannot form the basis for a civil suit. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Thus, plaintiffs

---

[8] In connection with many of plaintiffs' conspiracy allegations, plaintiffs allege that defendants violated 42 U.S.C. § 1341 (intangible right of honest services). However, no such statute exists. To the extent plaintiffs intend to allege a claim under 18 U.S.C. § 1341, that statute does not provide a private right of action. *Marfut v. City of North Port, Fla*, 2009 WL 790111 (M.D. Fla. Mar. 25, 2009) ("The Magistrate Judge correctly recommended dismissal with prejudice of Plaintiff s claims for violations of 18 U.S.C. §§ 1341, 1951, and 1346, as these are criminal statutes that do not provide a private right of action.").

cannot state a claim under this section.

Throughout their second amended complaint, plaintiffs also allege various violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. To state a civil claim for violation of RICO, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002). The phrase "racketeering activity" is defined as including any act which is indictable under a lengthy list of criminal offenses, including the federal statutes prohibiting mail and wire fraud. Although plaintiffs allege that defendants engaged in a "criminal enterprise"; that defendants "operated or managed the enterprise through a pattern of racketeering activity . . . by conspiring using interstate wires"; and that plaintiffs were "injured in their business or property by reason of the racketeering activity," plaintiffs' conclusory allegations do not state a claim under RICO "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949. The one aspect of plaintiffs' complaint that is clear is the fact that their claims arise out of their problems with a neighbor and plaintiffs' frustrations with government officials not restraining or arresting the neighbor. The factual details that do appear in the complaint preclude any plausible claim of racketeering activity by a criminal enterprise as a result of the failure to arrest the neighbor. Because it does not appear that further amendment could cure these defects, plaintiffs' RICO claims must also be dismissed without leave to amend.

To the extent that plaintiffs' complaint could be construed as asserting a conspiracy claim pursuant to 42 U.S.C. § 1983, the complaint does not contains sufficient facts. Such a claim requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable,

each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541). The second amended complaint fails to articulate sufficient facts to support allegations of a conspiracy, relying instead on conclusory statements that a conspiracy existed. Plaintiffs' facts are woefully inadequate and the complaint fails to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, plaintiffs' conspiracy claims should be dismissed. Although it appears unlikely, to the extent plaintiffs can allege specific facts supporting a conspiracy claim pursuant to 42 U.S.C. § 1983, plaintiffs will be granted leave to amend to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc) (Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal).

### 6. Section 1983 Claims Against El Dorado County and Neves

Defendants El Dorado County and Neves move to dismiss plaintiffs' claims under 42 U.S.C. § 1983, arguing that plaintiffs' federal claims against them are based solely upon respondeat superior liability for alleged wrongs by employees and others, in violation of the express dictates of *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). To state a claim against El Dorado County or Neves under § 1983, plaintiffs must allege facts to support a violation of their constitutional rights pursuant to a policy or custom of that county. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91). A plaintiff cannot therefore state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such policy or custom caused his injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Rule 12(b)(6)). Also, federal claims against Neves in his official capacity must also identify his specific policies and practices, because an official capacity suit against him is nothing more than

suit against the County itself.  *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2 (1997).

Plaintiffs' claims against the County and Neves are based solely upon respondeat superior liability for alleged wrongs by employees, and although plaintiffs contend that their lawsuit is an attempt to stop El Dorado County's "rotten smug policy," plaintiffs do not allege any specific policy or custom of El Dorado County or Neves that is pertinent to plaintiffs' injuries.  Dckt. No. 49-2 at 13.  Therefore, plaintiffs' § 1983 claims against El Dorado County and Neves should be dismissed.  Again, although it appears unlikely, to the extent plaintiffs can allege specific facts showing that El Dorado County and/or Neves maintained a policy or custom pertinent to plaintiffs' alleged injury and can explain how such policy or custom caused their injury, plaintiffs will be granted leave to amend to do so.

### 7.  Intentional Infliction of Emotional Distress

Defendants move to dismiss plaintiffs' claims for intentional infliction of emotional distress.  "In order to establish a claim for intentional infliction of emotional distress under California law, [plaintiff is] required to show (1) that the defendant's conduct was outrageous, (2) that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and proximately caused by defendant's conduct."  *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004).  "Only conduct 'exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress' is actionable."  *Brooks v. United States,* 29 F. Supp.2d 613, 617 -618 (N.D. Cal. 1998).  Here, plaintiffs fail to allege that defendants acted in an outrageous and uncivilized manner so as to be potentially liable for intentional infliction of emotional distress.  Therefore, plaintiffs' claims for intentional infliction of emotional distress should be dismissed.  Again, although it appears unlikely, to the extent plaintiffs can allege specific facts supporting a claim for intentional infliction of emotional distress, plaintiffs will be granted leave to amend to do so.

////

8.  <u>Malicious Prosecution</u>

Defendants move to dismiss plaintiffs' state law claim for malicious prosecution. However, plaintiffs state in their opposition that they are not alleging malicious prosecution by any of the defendants.  Dckt. No. 49-2 at 58.  Therefore, this issue need not be reached.

9.  <u>Section 1983 Claims Against Anderson and Randall</u>

Defendants Anderson and Randall move to dismiss plaintiff's claims under 42 U.S.C. § 1983 because neither defendant was at any time an employee or agent of the state of California, and did not at any time conspire with such.  Because plaintiffs do not allege, and do not appear to be able to allege, any state action by defendants Anderson or Randall, plaintiffs' § 1983 claims against those defendants must be dismissed without leave to amend.

D.  <u>Remainder of Plaintiff's Claims/Defendants</u>

As noted above, plaintiffs' second amended complaint fails to conform to the requirements set forth in the June 9, 2009 order and to the pleading requirements of Rule 8.  The complaint fails to present "sufficient allegations to put defendants fairly on notice of the claims against them," *McKeever*, 932 F.2d at 798, and does not "set forth a short and plain statement of the relevant facts, followed by a brief statement of each legal claim, sequentially setting forth the elements of each claim, and how the facts of this case specifically satisfy those elements, with reference to the challenged conduct of each defendant," as required by the June 9, 2009 order. *See* Dckt. No. 34 at 3.  The complaint also fails to conform to the twenty-five page limit set forth in that order, continues to obscure rather than clarify plaintiffs' claims, and continues to make legal arguments in lieu of alleging facts.  *See id.*  Therefore, all remaining claims and defendants will be dismissed pursuant to Rule 8.  Plaintiffs will be given one additional opportunity to amend their complaint, excluding any claims and defendants that are dismissed herein without leave to amend.

In any further amended complaint, plaintiffs must comply with Rule 8 and the requirements set forth in the June 9, 2009 order.  Rule 8 sets forth general rules for federal court

pleadings. *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Rule 41(b). Fed. R. Civ. P. 8; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981)). The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1179-80.

Plaintiffs are reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiffs file a further amended complaint, the second amended complaint no longer serves any function in the case. Therefore, in any further amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint may not include any claims or defendants which are dismissed herein without leave to amend and may not include any claims or defendants which were not alleged in the second amended complaint.

The amended complaint must separate each claim, allege facts establishing each of the elements of those claims, and allege in specific terms how each named defendant is involved.

////

18

There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey*, 673 F.2d at 268.

If plaintiffs file an amended complaint, it may be no longer than twenty-five pages (in 12-point font, with one inch margins, and double spaced as required by Local Rule 130), and must be submitted within sixty days of any order of the district judge adopting these findings and recommendations. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

Finally, plaintiffs are specifically admonished to read carefully Rule 11(c) of the Federal Rules of Civil Procedure with respect to any amended complaint they may file. Rule 11 provides for the imposition of monetary sanctions for the signing and filing of a pleading that asserts claims lacking evidentiary support and/or is not warranted by existing law or a nonfrivolous argument of extending or modifying existing law, and/or is being presented for purposes of harassment. Sanctions under Rule 11 may include an order to pay the reasonable attorneys' fees and other expenses incurred by the defendants as a result of having to respond to a pleading filed in violation of the rule.

////

For the foregoing reasons IT IS HEREBY RECOMMENDED that:

1. Defendants Ted Gaines and Steve Davey's motion to dismiss, Dckt. No. 42, be granted, and defendants Gaines and Davey be dismissed with prejudice from this case.

2. Defendant Edmund G. Brown, Jr.'s motion to dismiss, Dckt. Nos. 58, 59, be granted, and defendant Brown be dismissed with prejudice from this case.

3. The County defendants' motion to dismiss, Dckt. No. 44, defendant Bob Anderson's motion to dismiss and motion to join in the other pending motions to dismiss, Dckt. No. 45, and defendant David Randall's motion to join in the other motions to dismiss, Dckt. Nos. 55, 57, 65, be granted, and the following claims and defendants be dismissed as follows:

    a. Plaintiffs' First Amendment claims, Fourteenth Amendment due process claims for failure to enforce restraining orders, federal defamation claims, RICO claims, and § 1983 claims against Anderson and Randall, be dismissed without leave to amend;

    b. Plaintiffs' § 1983 conspiracy claims, § 1983 claims against El Dorado County and Neves, and intentional infliction of emotional distress claim, be dismissed with leave to amend; and

    c. Plaintiffs' remaining claims and defendants be dismissed with leave to amend pursuant to Rule 8 and for failure to comply with the June 9, 2009 order.

4. Plaintiffs' motions to strike, Dckt. Nos. 49, 54, and 68, be denied.

5. Plaintiffs be granted leave to amend the complaint one final time as to the claims and defendants discussed above. Plaintiffs be admonished that any amended complaint be no longer than twenty-five pages and be directed to submit the amended complaint within sixty days of any order adopting these findings and recommendations. Plaintiff further be admonished that failure to file an amended complaint will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE